UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LINDA SIMS                                                                                       CIVIL ACTION

VERSUS                                                                                           NO. 25-496-SDD-RLB

SAM'S EAST, INC.

**ORDER**

This order is issued *sua sponte*.

Linda Sims ("Plaintiff") seeks recovery for alleged personal injuries incurred at a Sam's Club store owned and/or operated by the following named defendants: Sam's East, Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Realty Company. (R. Doc. 1-4). Plaintiff alleges that on or about May 2, 2024, while she was attempting to check out at a cash register at a Sam's Club store, "a piece of metal that was not properly secured on and/or near the register . . . fell and struck her person." (R. Doc. 1-4 at 2). Plaintiff does not identify the specific nature of her alleged injuries or otherwise identify the amount in controversy.

After Plaintiff voluntarily dismissed its co-defendants, Sam's East, Inc. ("Defendant") removed this action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 (R. Doc. 1). Defendant primarily relies upon Plaintiff's medical records in support of a finding that the amount in controversy requirement is satisfied:

> The Plaintiff alleges that as a result of a falling piece of metal at the Sam's Club store, she sustained serious injuries to her leg and foot. Ms. Sims first went to the emergency room at Our Lady of the Lake Hospital in Baton Rouge where she was allegedly diagnosed with acute ankle and foot injuries and told to seek further treatment. After this visit, Ms. Sims presented to Dr. Jessica Babineaux at Southern Regional Medical Center, where she began to undergo treatment for her pain. Ms. Sims persisted with conservative treatment to keep the pain at bay while her physicians attempted to determine the cause of the pain. Ms. Sims underwent both X-rays and MRIs, but neither were successful in diagnosing the root of her pain. Ms. Sims then presented to Dr. David Wyatt at Orthopedic Care Center to

>seek additional treatment options. Dr. Wyatt performed numerous tests to determine the root of the pain and allegedly determined that the injury caused by the falling object allegedly aggravated Plaintiff's osteoarthritis. Plaintiff has incurred over $14,000 in past medical bills.

(R. Doc. 1 at 2-3).

In asserting the amount in controversy requirement is satisfied, Defendant relies upon two Louisiana appellate decisions affirming awards in excess of the federal jurisdictional amount where the plaintiff underwent foot surgery. *See Allen v. Great Atlantic & Pacific Tea Co.*, 589 So.2d 43 (La. 1st Cir. 1991) (affirming $150,000 award for pain and suffering where the plaintiff stepped on a 1.5 inch anchor bolt protruding from store entrance walkway and "experienced such intense pain that she consented to and endured surgery and numerous epidural injections."); *Durkee v. City of Shreveport*, 587 So.2d 722 (La. 2d Cir. 1991) (reducing damages award to $100,000 where the plaintiff underwent foot surgery for removal of bone fragments after she fractured her foot by stepping on an iron post stub protruding about 4.5 inches from the surface of a narrow strip of concrete). Defendant does not, however, represent that the plaintiff in this action has underwent any foot surgery prior to removal. In fact, the record indicates that on February 12, 2025, Plaintiff's treating physician noted that the incident did not result in any fractures, and that Plaintiff specifically did not want any surgery on her foot. (R. Doc. 1-6 at 47).

In the Notice of Removal, Defendant also references a pre-removal settlement offer by Plaintiff in excess of the jurisdictional amount, but does not present any evidence of the settlement offer or its specific amount. (*See* R. Doc. 1 at 3). While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be

inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 Fed. App'x 226 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F. 3d 908 (5th Cir. 2002); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994)). The Court cannot evaluate the significance of the pre-removal settlement offer in its absence.

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[Federal courts] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Furthermore, a federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Abdalmatiyn v. Harrison*, No. 13-1935, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction sua sponte.")); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." 28 U.S.C. § 1441(a). Federal courts have original diversity jurisdiction where the cause of action is between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[T]he jurisdictional facts must be judged as of the time the complaint is filed."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

Having reviewed the Notice of Removal, the Petition, and the supporting documents, the Court finds it appropriate to require the parties to brief the issue of whether the amount in controversy is satisfied for the purpose of establishing diversity jurisdiction.

In light of the foregoing,

**IT IS ORDERED** that Defendant shall submit a memorandum, within **21 days** of the date of this Order, in support of its assertion that the jurisdictional amount in controversy requirement is satisfied. Plaintiff shall file any response brief within **14 days** after Defendant files its memorandum in support of diversity jurisdiction.

If upon further review of the record the parties agree that the jurisdictional amount is not satisfied, then the parties may jointly seek remand of this action for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on August 19, 2025.

                                           **RICHARD L. BOURGEOIS, JR.**
                                           **UNITED STATES MAGISTRATE JUDGE**